## In re HARJERS.
### No. 64017.

District Court, S. D. New York.
Nov. 17, 1939.

Herbert C. Gerlach, of Ossining, N. Y., for bankrupt.

McDermott & McDermott, of New York City, for objecting creditor.

MANDELBAUM, District Judge.

The Referee in Bankruptcy, in his second supplemental report recommends that the specifications of objections be dismissed, and the discharge of the bankrupt be granted. The objecting creditor opposes confirmation of this report.

This matter originally came on before Judge Robert P. Patterson (now a Judge of the Circuit Court), who by an order dated May 18th, 1938 re-referred the matter to the Referee because of an error of law committed by the Referee in the exclusion of certain testimony offered by the objecting creditor and for further testimony with respect to the reliance of the objecting creditor upon the financial statement made by the bankrupt. This matter was again re-referred by Judge Conger of this court to the Referee for a complete report and finally the final report of the Referee is before this court for consideration.

The bankrupt and his wife obtained a loan from Household Finance Co. on September 4th, 1935 in the sum of $300. A financial statement signed by both parties listed the total indebtedness of the bankrupt as of that date to consist of 3 items aggregating the sum of $346.75. Simultaneously, the bankrupt executed a note and chattel mortgage on his household furniture to the lender as further security for the loan. The evidence is undisputed that at that time in addition to the indebtedness listed in the financial statement, the bankrupt was also indebted to the Mutual Finance Co. in the sum of $80 and had previously executed a chattel mortgage on his household furniture to that lender for the security of the loan and another indebtedness to the Mt. Vernon Trust Co. in the sum of $179 as a co-maker, the liability being contingent. These latter two debts were not disclosed to the objecting creditor at the time the loan in question was made.

The Referee has found that the financial statement of the bankrupt was not shown to have been knowingly and intentionally untrue and to have been intended to deceive, nor was it shown that the creditor actually relied on such statement and that reliance appears to have been placed on the security of the chattel mortgage alone.

The court has read the testimony taken before the Referee, as well as the Referee's report and the memoranda submitted pro and con and has reached the conclusion that the evidence does not support the Referee's findings. In the light of all the surrounding circumstances, it appears that reliance was placed by the lender not only on the chattel mortgage, but upon the financial statement as well. It is signifi-

cant that the sum of $231.75, which is the largest item of the indebtedness listed by the bankrupt in his financial statement out of a total indebtedness of $346.75, was paid directly to the bankrupt's creditor so that all that was received by the bankrupt was about $68. This is indicative of the fact that reliance was placed by the lender on the representations contained in the financial statement. Otherwise, the loan would have been paid directly to the bankrupt for him to disburse as he pleased. Another factor which has aided the court in reaching its conclusion is the fact that a chattel mortgage on the bankrupt's household furniture to secure another loan was previously executed by the bankrupt. So that, even if the lender did rely solely on the security irrespective of the financial statement, it is clear that it had been misled since this loan might never have been made had the lender known of the prior existing chattel mortgage. This is not, in the opinion of the court, a situation involving a mere irregularity or a lack of knowledge on the part of the bankrupt, and the cases cited in support of his position are inapplicable.

The motion to confirm the Referee's report is denied, the report is overruled and the bankrupt is denied his discharge.